# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CAROL J. SARMENTO,           )
                             )
         Plaintiff,          )
                             )
v.                           )     Case No. CIV-06-288-KEW
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social       )
Security Administration,     )
                             )
         Defendant.          )

## OPINION AND ORDER

Plaintiff Carol J. Sarmento (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 17, 1957 and was 48 years old at the time of the ALJ's decision. She completed her education through the ninth grade, which included special education classes. Claimant obtained no further education or training. Claimant has no history of past relevant work. Claimant alleges an inability to work beginning July 1, 1997, due to back problems, problems with her right knee and cataracts.

### Procedural History

On May 26, 2004, Claimant protectively filed for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*). Claimant's application for benefits was

denied initially and upon reconsideration.  Claimant first appeared at a hearing before ALJ Lantz McClain on August 16, 2005 without counsel.  The ALJ continued the hearing to provide Claimant the opportunity to retain counsel, after explaining the compensation scheme typically applied to Social Security cases.  A subsequent hearing was conducted, with Claimant represented by counsel, on December 5, 2005 in McAlester, Oklahoma by ALJ Gabe Kuchulis.  By decision dated April 19, 2006, ALJ McClain found that Claimant was not disabled at any time through the date of the decision.  On June 23, 2006, the Appeals Council denied Claimant's request for review.  Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow her to perform light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to fully develop the record as it relates to Claimant's right knee and lumbar spine impairments; and (2) evaluating Claimant's credibility.

**Duty to Develop the Record**

Claimant contends the ALJ failed to fully develop the record by failing to obtain pertinent, available medical records related to Claimant's right knee. Claimant testified at the hearing that she suffered a torn ligament in her right knee at the time she was carrying her second child approximately 17 years ago. (Tr. 166). The condition causes Claimant's knee to "take and just lock up [her] knee where [she] can't stretch it or bend it or anything." (Tr. 167). Claimant reports this "locking up" occurs monthly to every six weeks. (Tr. 167-68). Although Claimant believed the condition was documented, the ALJ could not locate any information on it in her medical records. (Tr. 166-67). Claimant reported she sought treatment for her right knee condition at Warren Clinic in McAlester, Oklahoma at an unspecified time. (Tr. 109). During her consultative examination, Claimant reported to Baha Abu-Esheh, M.D. she had received injections in her right knee. (Tr. 122). Claimant's attorney references the possibility of the existence of records of this condition in stating at the hearing, "[a]nd it may also be contained within the records we had thought we were requesting (INAUDIBLE)." (Tr. 167). However, upon examination, Dr. Abu-Esheh found Claimant's "[k]nees showed no effusion or edema and were stable in all range of motion exercises." He also concluded Claimant's "[g]ait is safe and stable with appropriate speed. She does not ambulate with the aid of assistive devices."

(Tr. 124).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996).

As with many periodic or occasional conditions, evidence of Claimant's knee condition is somewhat elusive. But for the fact Claimant specifically referenced treatment at Warren Clinic for the condition, the existence of the condition would be entirely based upon Claimant's subjective statements. However, since Claimant identified the treating facility and no evidence appears in the record to indicate the ALJ made any effort to obtain such records, remand is required for further development of the record on this condition.

Claimant also asserts the ALJ should have ordered a consultative examination of her lumbar spine condition. At an August 2, 2005 examination by John Hill, M.D., Claimant was to be referred to a surgeon for evaluation of her spinal condition. Claimant had previously been diagnosed with significant vertebral body endplate changes with notochordal artifacts by virtue of an MRI, a midline disc bulge at L5-S1, a herniated nucleus pulposis at L4-5 and cystitis. (Tr. 116-18, 140-42). Dr. Hill had previously treated Claimant for these conditions. In his consultative evaluation, Dr. Abu-Esheh concluded a follow-up evaluation of her back symptoms was necessary, although he found Claimant had a full range of motion in evaluating Claimant's lumbar-sacral spine. (Tr. 124).

Claimant suggests the ALJ should have ordered further consultative physical testing of her due to these physicians' comments suggesting further evaluation. Because of the extent of documentation of this condition and the inconclusive limitations it placed upon Claimant's ability to engage in work activities, further consultative examinations of her condition should have been ordered. On remand, the ALJ shall order appropriate consultative testing on Claimant's back condition.

### Credibility Analysis

Claimant objects to the ALJ discounting of her testimony regarding pain, suggesting the evaluation employed "boilerplate"

7

language not supported by the evidence. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. The ALJ adequately referenced the evidence in the record, specifically Claimant's testimony and the medical records, in arriving at his conclusion. To the extent the evaluation is made on the record before the ALJ, this Court finds no error in his credibility analysis. However, since this matter is being remanded for obtaining further medical records and consultative evaluations, any such information will necessarily require a re-evaluation and possible modification of the ALJ's credibility conclusions. He should not hesitate to engage in a re-evaluation if the evidence warrants it.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 25th day of May, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE